IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PATTI LEE,

        Plaintiff,

v.                                                      NO. CV-09-2706-PHX-JRG

COUNTY OF PINAL, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the court is the defendants' Motion for Attorney's Fees [Docket 85]. 42 U.S.C. § 1988 provides that a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A defendant in an action brought under 42 U.S.C. § 1983 is entitled to attorneys' fees "only if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curium) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for assessment of fees." *Id.*

      Having reviewed the pleadings, the court cannot say that the plaintiff's claims were frivolous, unreasonable, or without foundation at the time the action was filed. Accordingly, the court declines to exercise its discretion to award attorney's fees under 42 U.S.C. § 1988(b). *See Thomas v. City of Tacoma*, 410 F.3d 644, 651 (9th Cir. 2005) ("[A]lthough a finding of frivolity was a prerequisite to an award of attorney's fees, 'notwithstanding such a finding, the district court

still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case'") (quoting *Tang v. Rhode Island, Dep't of Elderly Affairs*, 163 F.3d 7, 15 (1st Cir. 1998)). For the reasons discussed above, the Motion for Attorney's Fees is hereby **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: Feb 6, 2012

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE